No. 82–5528.    BUTTRUM *v.* GEORGIA.    Sup. Ct. Ga.    Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

I continue to adhere to my view that the death penalty is unconstitutional in all circumstances, and I would vacate petitioner's death sentence on that basis alone. However, even if I accepted the prevailing view that the death penalty can constitutionally be imposed under certain conditions, I would vacate the death sentence imposed in this case. The trial judge permitted a psychologist who had never examined petitioner to make a prediction as to her future dangerousness that was based in substantial part on hearsay statements that were not in evidence.[1] This was the only testimony presented by the prosecution in the sentencing phase of the trial. It is well recognized that predictions of violent behavior are generally unreliable even under the best of circumstances.[2] In my view, when this general unreliability is compounded by the obvious risks inherent in relying on hearsay statements that were not made under oath and were not subject to cross-examination, and the person making the prediction has never even examined the individual in question, the State has "introduce[d] a level of uncertainty and unreliability into the factfinding process that cannot be tolerated in a capital case." *Beck* v. *Alabama*, 447 U. S. 625, 643 (1980).

---

[1] The psychologist relied on medical and psychiatric reports that he had examined and on out-of-court statements made to him by a guard and by one of petitioner's fellow inmates.

Petitioner was 17 at the time of the offense.

[2] See, *e. g.*, Cocozza & Steadman, The Failure of Psychiatric Predictions of Dangerousness: Clear and Convincing Evidence, 29 Rutgers L. Rev. 1084 (1976) (reviewing the studies on this subject); Report of the Task Force on the Role of Psychology in the Criminal Justice System, 33 Am. Psychologist 1099, 1110 (1978) ("the validity of psychological predictions of violent behavior, at least in the sentencing and release situations . . . is extremely poor").

In *People* v. *Murtishaw*, 29 Cal. 3d 733, 631 P. 2d 446 (1981), cert. denied, 455 U. S. 922 (1982), the California Supreme Court concluded that predictions of violent conduct are too unreliable to be admissible in capital sentencing proceedings absent a showing of exceptional circumstances supporting the prediction. 29 Cal. 3d, at 767–775, 631 P. 2d, at 466–471.